EMMA S. SYLVESTER *vs.* THOMAS D'AMBRA.

JULY 23, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

204

BAKER, J. This is an action of trespass on the case for slander and false arrest. In the superior court the plaintiff was nonsuited and she thereupon duly prosecuted her bill of exceptions to this court.

The plaintiff was the only witness. Without going into details here, she testified in substance that she was employed as a cook by the defendant, who lived in Pawtucket in this state and whose family consisted of himself and his two sons, about eleven and fifteen years of age respectively. However, she worked in that position only about two weeks as she found that she had to do all the housework, and she planned to leave defendant's house September 19, 1945. After supper on that date the defendant came in with a stranger, who later identified himself as a police inspector. Following the asking of a few questions, he told the plaintiff that she was under arrest and took her in a police car to the police station. There he asked her about the disappearance of $90 from the defendant's home; told her that she had been accused of stealing this sum of money; and examined the

contents of her wallet. She was detained in the inspector's office at the station for about forty minutes, after which she was taken back by the inspector to the defendant's house where her room and personal belongings were searched. The plaintiff denied taking any money from the defendant and the search disclosed nothing. Thereafter the plaintiff was allowed to leave defendant's house.

The declaration in this case contains two counts. The first count alleges that the defendant slandered the plaintiff by falsely accusing her of stealing $90 from him; and the second alleges that the defendant maliciously and without reasonable or probable cause directed and caused the plaintiff to be falsely arrested and imprisoned. To this declaration defendant filed several pleas.

The law in this state governing the granting of a motion for a nonsuit is well settled. In *Douglas* v. *Matzner,* 51 R. I. 1, the court used the following language at page 2 of its opinion: "On a motion for nonsuit the evidence is to be considered in any reasonable way which is most favorable to the plaintiff. The weight of the evidence is not a relevant consideration. If there is some evidence to support plaintiff's case, a nonsuit is improper." Upon consideration we are of the opinion that in the instant case the trial justice committed error in granting the defendant's motion for a nonsuit. In our judgment the plaintiff in her testimony presented sufficient evidence on both counts to require the defendant to go forward with his defense.

As to the slander count the plaintiff testified in substance that the police inspector said at the station that she had been accused by the defendant of stealing from him $90 in $10 bills. The defendant was present when this statement was made and said nothing. This testimony standing unanswered, as we must consider it in passing upon this exception, *prima facie* would support a finding that the defendant made the statement in question to a third person in circumstances that would amount to giving the accusation publication. Whether or not the alleged charge

against the plaintiff was made to the police or to others is not definitely stated. Further testimony is needed to clarify this point. If the charge was made to the police the question of qualified privilege may be involved depending on the circumstances disclosed by the evidence. In 33 Am. Jur., §137, the rule is stated as follows: "A communication to a law enforcement officer is generally held to be qualifiedly privileged if it is made in good faith and for the purpose of helping to bring a criminal to justice. But of course the rule has its limitations." See also *Hayden* v. *Hasbrouck*, 34 R. I. 556, where the matter of qualified privilege in cases of alleged slander is fully discussed. However, as the present record stands, we think that the plaintiff showed enough under the slander count to prevail against a motion for a nonsuit.

■ As to the count of false arrest there was testimony from the plaintiff that on September 19, 1945, the defendant told his two sons to keep the plaintiff in the house and not let her go until he came back; that he later returned with a man not in police uniform but who showed a police badge, and, after asking the plaintiff a few questions, told her that she was under arrest; that on this occasion the defendant did not verbally instruct the police officer to arrest the plaintiff, but the defendant and the officer looked at each other and the former nodded his head; that thereafter the plaintiff was taken in a police car to the inspector's office in a police station, and was further questioned and detained for about forty minutes, after being told that the defendant accused her of stealing $90 from him; that the inspector and the defendant went out of the office and into an adjoining room in which there was loud talk, and she heard the inspector tell the defendant to go downstairs and sign a paper as he, the inspector, "wasn't going to be left holding the bag"; and that, after waiting some time, they returned to the defendant's house where her room and belongings were searched by both the inspector and the defendant.

The plaintiff relies on *Sylvester* v. *Buerhaus*, 71 R. I. 335.

We held in that case, which was trespass for assault and battery and false imprisonment, that the jury could reasonably have found that the defendant arranged and planned the method by which the plaintiffs were detained at her home; that she directed, induced or instigated the arrest; and that the defendant's participation in the alleged arrest might be inferred from circumstances, and direct evidence thereof was not essential. We are of the opinion that the instant case, taking as we must for present purposes the plaintiff's testimony as it stands unimpeached and uncontradicted, comes within the general principles of law laid down in the above-cited case. We find, therefore, that as to the second count also the defendant should have been required to go forward with his evidence.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

Moss, J., did not participate in the decision.

*William H. McSoley, William H. McSoley, Jr.,* for plaintiff.

*George F. Treanor,* for defendant.